UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DART EXPRESS (SFO), INC., <br>       Plaintiff(s), <br>   v. <br> CHANGZHOU NANXISHU TOOL CO., LTD., et al., <br>       Defendant(s). | No. C09-0730 BZ <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Defendants Trailerworks International, LLC ("Trailerworks") and David Catlin ("Catlin") (collectively "moving defendants") have moved to dismiss plaintiff Dart Express (SFO), Inc.'s ("plaintiff") first amended complaint ("complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. **IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED** with leave to amend. In amending, plaintiff should consider at least the following:

    1.  In support of its opposition, plaintiff filed a lengthy declaration of Dean Huang which flushes out the allegations of the complaint. While a court is permitted to

1

1  consider factual showings in ruling on issues of subject
2  matter jurisdiction, <u>Roberts v. Corrothers</u>, 812 F.2d 1173,
3  1177 (9th Cir. 1987) (citing <u>Augustine v. United States</u>, 704
4  F.2d 1074, 1077 (9th Cir. 1983)), a motion to dismiss
5  ordinarily needs to be decided on the allegations in the
6  complaint.

7     2.   While plaintiff argues that it is asserting admiralty
8  jurisdiction over the moving defendants, the first amended
9  complaint appears to only assert supplemental jurisdiction
10 against the moving defendants.

11    3.   In the Joint Case Management Statement, plaintiff
12 states it is seeking a declaratory judgment against moving
13 defendants.  In the complaint, the First Claim for Relief
14 seeks declaratory relief only against defendant Changzhou
15 Nanxiashu Tool Co. ("Changzhou").

16    4.   Plaintiff should more carefully distinguish between
17 agreements it reached with Changzhou and agreements it reached
18 with the moving defendants as to the alleged course of dealing
19 which modified the way the parties dealt with the bills of
20 lading.

21    5.   The Court was concerned whether this matter is ripe
22 for decision since it does not appear from the complaint that
23 plaintiff presently has any liability to Changzhou.  In the
24 Joint Case Management Statement, plaintiff states that
25 Changzhou has recently obtained a judgment against it.  This
26 should be pled.

27    6.   Plaintiff should address with more particularity what
28 defendant Catlin is believed to have done that would make him,

as opposed to Trailerworks, personally liable for indemnity in the event Trailerworks is found liable to Changzhou.

Plaintiff shall file an amended complaint by **August 31, 2009.**

Dated: July 29, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DART EXPRESS\ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND.BZ VERSION.wpd