UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DART EXPRESS (SFO), INC., | |
| Plaintiff(s), | No. C09-0730 BZ |
| v. | |
| CHANGZHOU NANXIASHU TOOL CO., LTD., et al., | **ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| Defendant(s). | |

Defendants Trailerworks International, LLC ("Trailerworks") and David Catlin ("Catlin") (collectively "moving defendants") have moved to dismiss plaintiff Dart Express (SFO), Inc.'s ("plaintiff") second amended complaint ("complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. **IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED** in part and **DENIED** in part.

The complaint alleges that this dispute arises out of a business relationship pursuant to which defendant Changzhou

Nanxiashu Tool Company[1] sold trailer parts to defendant Trailerworks, which in turn re-sold the parts to non-party Forest River. Plaintiff was engaged to carry the parts from China to the United States. Plaintiff issued bills of lading for 38 shipments. Changzhou sold the goods FOB, which meant that the risk of loss shifted to the purchaser when the goods were loaded onto a ship in China. For most of the shipments, Changzhou named Trailerworks as consignee. Some of the shipments were carried pursuant to "Order" bills of lading. For the three shipments at issue, Changzhou "inexplicably" named Nanxiashu Tool, essentially itself, as consignee. Ordinarily, the carrier would only release the goods upon receipt of the bill of lading. Here, pursuant to the practice of the parties, plaintiff "frequently" released goods to Trailerworks without having first received the bill of lading and without objection from Changzhou. Since Changzhou had in effect named itself the consignee on these three shipments, plaintiff asked Trailerworks for the bills of lading before releasing the goods. Only after receiving assurances that the bills were "on the way," did it release the goods. The assurances were false, because, as Trailerworks knew, it would not receive the bills of lading, since it had not paid and did not intend to pay Changzhou for the goods because it was claiming entitlement to certain offsets. Changzhou did not immediately object to the release of the goods. Instead, it took legal action, ultimately obtaining a judgment in China

---

[1] Changzhou is also a defendant but has not yet been served or appeared in this action.

2

for $168,244.92 plus interest, costs and penalties. Plaintiff was prohibited from raising any defenses to Changzhou's lawsuit. Trailerworks was not a party to the Chinese action and has since ceased operations entirely.

As an initial matter, I find that federal law controls in this maritime dispute, and that subject matter jurisdiction exists under 28 U.S.C. 1333. "When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd., 543 U.S. 14, 22-23 (2004) (citing Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961)). Here, the heart of this dispute is who is responsible for the purported breach of a maritime contract for the shipment of goods from China to the United States which occurred when plaintiff released the goods to the moving defendants who had not paid for them. As there is no suggestion that the case is "inherently local," the case involves a maritime contract governed by federal law, including federal common law. See Kirby, 543 U.S. at 27. To the extent that plaintiff alleges state law causes of action, I find supplemental jurisdiction proper pursuant to 28 U.S.C. 1367.[2]

---

[2] Plaintiff correctly notes that the moving defendants' motion to dismiss is untimely under Federal Rule of Civil Procedure 15(a)(3). However, the moving defendants filed this motion to dismiss before filing a responsive pleading, even though the time to file either had elapsed. "This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed" even if "the court's deadline for filing a timely answer had passed." Smith v. Wrigley, 2008 WL 2225627 at *1 (E.D.Cal. 2008). None of the arguments that plaintiff makes in its supplemental brief on this issue persuades me to rule otherwise.

3

Plaintiff's first case of action is a request for declaratory relief against all defendants, which requires a plaintiff to plead a "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. V. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Plaintiff seeks a declaration that either it is not liable to Changzou for the $168,244.92 judgment, or that Trailerworks, and its alter ego, defendant Catlin, should indemnify and defend plaintiff from Changzhou's claim.[3] Plaintiff contends that this action is necessary to determine which party is legally liable after a full hearing on the merits. The moving defendants claim that they are not liable for the judgment because plaintiff had no right to rely on their misrepresentations, which the moving defendants do not deny making. A claim for declaratory relief has been adequately pled.

Plaintiff's third[4] cause of action is for implied

---

[3] The moving defendants argue that plaintiff has failed to allege any cognizable theory of recovery against David Catlin. The complaint adequately states two avenues of recovery. First, the complaint states a claim that Catlin is the alter ego of Trailerworks and is therefore liable for its torts. Plaintiff alleges the following: that Catlin inadequately capitalized Trailerworks, that he was the complete and sole controller of the company, that he diverted corporate assets to himself leaving the company unable to meet its obligations, and that there is such a unity of interest that recognizing the existence of separate personalities would yield an inequitable result. These allegations are sufficient at this stage. Second, plaintiff alleges that Catlin is directly liable because he explicitly authorized the fraudulent statement discussed in the seventh cause of action.

[4] Plaintiff's second cause of action only pertains to nonmoving defendant Changzhou.

contractual indemnification. Indemnity is a shifting of responsibility from the shoulders of one person to another, and may arise either in contract or in tort. See <u>Humble Oil & Refining Co. v. Naquin</u>, 414 F.2d 912, 914 (5th Cir. 1969). "The basis for indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay." <u>Prince v. Pacific Gas & Elec. Co.</u>, 45 Cal. 4th 1151, 1163 (2009).[5] Implied contractual indemnity is a form of the broader doctrine of equitable indemnity. To prove implied contractual indemnity, the Second circuit stated that a plaintiff must "carry its heavy burden to show 'a relationship ... from which a covenant to indemnify could fairly be implied.'" <u>Triquero v. Consolidated Rail Corp.</u>, 932 F.2d 95, 102 (2d Cir. 1991) <u>citing</u> <u>Zapico v. Bucyrus-Erie Co.</u>, 579 F.2d 714, 719 (2d Cir. 1978).

An implied right to contractual indemnification may be found in two sets of circumstances: (1) on a theory of implied contract arising out the special contractual relationship of the parties; or (2) on a tort-based theory where one tortfeasor has paid for a loss which was primarily the responsibility of another tortfeasor. *See* <u>Nye v. A/S D/S Svenborg</u>, 501 F.2d 376, 380 (2d Cir. 1984). The Second Circuit held that the tort-based right to indemnification is

---

[5] Although this is a maritime action, plaintiff alleges fraud against the moving defendants, thus making this a contract and tort action. In a similar context, the Ninth Circuit has applied California indemnification common law. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998)

5

applicable "when the proposed indemnitor has breached a duty to a third party but the proposed indemnitee has paid the third party for the loss attributable to that breach." People's Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986).

Here, the complaint adequately alleges that plaintiff has been held liable for a loss properly attributable to the moving defendants. Plaintiff alleges that the moving defendants breached their contractual duty to pay Changzhou for the shipments, yet induced plaintiff to release them. As a result of the moving defendants' breach, plaintiff was held liable in Chinese Maritime Court despite its adherence to the accepted course of dealing. Plaintiff has adequately stated a claim for implied contractual indemnity.

Plaintiff's fourth cause of action is for comparative indemnity. "Comparative equitable indemnification exists to correct potential injustice . . . . The doctrine is applied to multiple tortfeasors to apportion loss in relation to their relative culpability." Baird v. Jones, 21 Cal. App. 4th 684, 690 (4th Dist. 1993). The facts that support a claim for comparative indemnity are the same as those for implied contractual indemnity. Though plaintiff disclaims liability entirely, if it is found liable, it seeks an apportionment of liability based on comparative fault. Contrary to what the moving defendants argue, plaintiff is not required to plead that it is a joint tortfeasor in order to plead a cause of action for indemnity. This sort of alternative pleading is perfectly acceptable. "Alternatively pled claims need not

even be consistent with one another." Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). Plaintiff has adequately articulated that if it is held liable at all, that liability should be apportioned based on a comparative basis.

Plaintiff's fifth cause of action is for implied equitable indemnity. The complaint does not contain any additional facts in support of this cause of action. To the extent that it is a broader restatement of the third cause of action, plaintiff has adequately stated a claim.

Plaintiff's sixth cause of action is for contribution. A judgment debtor that has paid more than its apportioned share of liability may sue another judgment debtor for contribution. See American Motorcycle Assoc. v. Superior Court, 20 Cal. 3d 578, 600 (1978); 2-1 Benedict on Admiralty, § 2. "A concurrent tortfeasor could only obtain contribution from those torfeasors whom the plaintiff chose to sue in the same action . . . ." American Motorcycle, 20 Cal. 3d at 601. Changzhou has not sued the moving defendants in any action. Therefore, the moving defendants cannot qualify as judgment debtors, as they would have to in order for plaintiff to maintain a cause of action for contribution. Plaintiff's sixth cause of action is therefore **DISMISSED**.

Plaintiff's seventh cause of action is for fraud.

> "The elements of common law fraud are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) an intent that it be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) reliance on its truth; (8) the right to rely thereon; and (9) consequent and proximate injury."

1 | Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522,
2 | 531 (9th Cir. 1987). The crux of plaintiff's fraud allegation
3 | is that of Trailerworks Chief Financial Officer Michael Dowd,
4 | said that the bills of lading were "on the way," which
5 | defendants knew was not true. Plaintiff alleges that it
6 | reasonably relied on this material statement, and released
7 | Changzhou's goods. The moving defendants argue that this
8 | claim is insufficient because (1) plaintiff failed to plead
9 | fraud with specificity and (2) that plaintiff had no right to
10 | rely on the statement that the bills of lading were "on the
11 | way."

12 | Plaintiff pled fraud with sufficient specificity. "A
13 | pleading is sufficient under Rule 9(b) if it identifies the
14 | circumstances constituting fraud so that the defendant can
15 | prepare an adequate answer from the allegations." Neubronner
16 | v. Milken, 6 F.3d 666, 671-672 (9th Cir.1993). The complaint
17 | states that Michael Dowd repeatedly made the allegedly
18 | fraudulent statement. Further, attached to the complaint are
19 | the bills of lading, shipping invoices, and US Customs
20 | receipts giving rise to this cause of action, which indicate
21 | the dates of shipment, arrival, and release. Plaintiff also
22 | specifically states how and why the statement was fraudulent;
23 | it was made with the explicit intent to induce plaintiff to
24 | release the goods to the moving defendants when they had not
25 | paid for the goods. Plaintiff has satisfied Rule 9(b).

26 | Regarding defendants' second argument, it is a question
27 | of fact whether plaintiff's reliance on Dowd's statement was
28 | reasonable, and is therefore not suitable for disposition on a

8

motion to dismiss for failure to state a claim. "The reasonableness of Plaintiff's reliance and the reasonable diligence of his inquiry are questions of fact not susceptible to resolution on a motion to dismiss." <u>Low v. SDI Vendome S.A.</u>, 2003 WL 25678880, *5 (C.D. Cal. 2003); <u>accord</u> <u>In re Kirsh</u>, 973 F.2d 1454, 1456 (9th Cir. 1992). Defendant has submitted no authority or evidence to support the proposition that plaintiff could not rely on Dowd's statement as a matter of law. Plaintiff's fraud allegations are sufficient at this stage.

**IT IS ORDERED** that the motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is **GRANTED** in part and **DENIED** in part. Plaintiff's sixth cause of action is **DISMISSED**. The remaining motions are **DENIED.** Plaintiff must answer by **December 1, 2009**.

Dated: November 20, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DART EXPRESS\ORDER DENYING DEF'S MOTION TO DISMISS v. 3.BZ.wpd

9