John M. Daley, Esq. (SBN 065574)
**LAW OFFICES OF JOHN M. DALEY**
95 South Market Street, Suite 300
San Jose, CA 95113
Telephone: (408) 286-0200
e-mail: jdaley@johnmdaley.com

Attorneys for Plaintiff Dart Express (SFO), Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DART EXPRESS (SFO), INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHANGZHOU NANXIASHU TOOL CO., LTD., et al.,<br><br>Defendants. | Case No. CV 09 0730 BZ<br><br>**JOINT MOTION TO DISMISS ACTION WITHOUT PREJUDICE BY PLAINTIFF AND DEFENDANTS TRAILERWORKS INTERNATIONAL, INC. AND DAVID CATLIN**<br><br>[Rule 41(a)(2), F.R.Civ.P] |

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiff Dart Express (USA), Inc. and defendants Trailerworks International, Inc. ("Trailerworks") and David Catlin ("Catlin") hereby move for an order dismissing this entire action, without prejudice, each party to bear his, her or its own costs and attorneys' fees.

As the Court knows, this action arises out of a dispute between plaintiff, defendants Trailerworks and Catlin, and defendant Changzhou Nanxiashu Tool Co., Ltd. ("Changzhou Tool") arising out plaintiff's release of goods to Trailerworks without first obtaining three original bills of lading held by defendant Changzhou Tool. Plaintiff initiated this action to obtain a judgment declaring that its conduct was proper under U.S. law because the prior conduct of defendant Changzhou Tool led it to believe that the release was proper. Plaintiff further contends that the release was induced in part by the fraudulent conduct of defendants Trailerworks and Catlin.

Case No. CV 09 0228 BZ: JOINT MOTION TO DISMISS ACTION WITHOUT PREJUDICE      -1-

While this action was pending, defendant Changzhou Tool has obtained three judgments against plaintiff in a Chinese Court, which completely disregarded the defenses which are available to plaintiff under U.S. law. Because of the interrelated matter of this disputes, and since plaintiff will not actually suffer any loss unless Changzhou Tool attempts to *collect* on the Chinese judgments, the moving parties believe that the participation of defendant Changzhou Tool is both necessary and appropriate.

Although plaintiff has notified defendant Changzhou Tool of this action through several means, the Chinese officials who are responsible for service of the summons and Complaint in this matter have failed to serve defendant Changzhou Tool with the documents provided to them. Moreover, plaintiff now believes that it is likely that defendant Changzhou Tool will *not* appear in this action, thereby eliminating the primary reason for pursuit of this action. As the Court knows, however, the parties who have appeared in the action have already spent substantial sums in pursuing this matter, and if the action is not dismissed, they will have to spend more. Although there is a possibility that the action will have to be re-filed, the parties will at least save themselves the time and expense of continuing with this lawsuit until the refiling occurs.

Under the circumstances, the parties to this motion have agreed that the best course of action is to dismiss this entire action, without prejudice, each party to bear his, her or its own costs.

Dated: March 1, 2010.

**LAW OFFICES OF JOHN M. DALEY**


By _____/s/_____
John M. Daley, Esq.
Attorneys for Plaintiff and Cross-Defendant Dart Express (SFO), Inc.

Dated: March 1, 2010.

**PAUL SIGELMAN**


By _____
Paul Sigelman, Esq.
Attorneys for Defendant Cross-Claimant and Counterclaimant Trailerworks International, LLC and David Catlin

1 | While this action was pending, defendant Changzhou Tool has obtained three
2 | judgments against plaintiff in a Chinese Court, which completely disregarded the defenses which are
3 | available to plaintiff under U.S. law. Because of the interrelated matter of this disputes, and since
4 | plaintiff will not actually suffer any loss unless Changzhou Tool attempts to *collect* on the Chinese
5 | judgments, the moving parties believe that the participation of defendant Changzhou Tool is both
6 | necessary and appropriate.

7 | Although plaintiff has notified defendant Changzhou Tool of this action through
8 | several means, the Chinese officials who are responsible for service of the summons and Complaint
9 | in this matter have failed to serve defendant Changzhou Tool with the documents provided to them.
10 | Moreover, plaintiff now believes that it is likely that defendant Changzhou Tool will *not* appear in
11 | this action, thereby eliminating the primary reason for pursuit of this action. As the Court knows,
12 | however, the parties who have appeared in the action have already spent substantial sums in pursuing
13 | this matter, and if the action is not dismissed, they will have to spend more. Although there is a
14 | possibility that the action will have to be re-filed, the parties will at least save themselves the time and
15 | expense of continuing with this lawsuit until the refiling occurs.

16 | Under the circumstances, the parties to this motion have agreed that the best course
17 | of action is to dismiss this entire action, without prejudice, each party to bear his, her or its own costs.

Dated: March 1, 2010.

**LAW OFFICES OF JOHN M. DALEY**

By _____
John M. Daley, Esq.
Attorneys for Plaintiff and Cross-Defendant Dart
Express (SFO), Inc.

Dated: March 1, 2010.

PAUL SIGELMAN

By _____
Paul Sigelman, Esq.
Attorneys for Defendant Cross-Claimant and
Counterclaimant Trailerworks International, LLC and
David Catlin

| | |
|---|---|
| 1 | **ORDER** |
| 2 | GOOD CAUSE APPEARING THEREFOR, |
| 3 | IT IS HEREBY ORDERED that, pursuant to Rule 41(b) of the Federal Rules of Civil |
| 4 | Procedure, this entire action be, and hereby is, dismissed without prejudice, each party to bear his, her |
| 5 | or its own costs. |
| 6 | Dated: March /0, 2010. |

_____
BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE